# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DEBRA BONILLA-MEAD,
JEFFREY SESSIONS, Qui Tam USAG,   *

Relators/Plaintiffs   *

v   *   Civil Action No. PX-18-3113
     (UNDER SEAL)

McCABE, WEISBERG and CONWAY, LLC   *
H. G. O'SULLIVAN, ESQ.,
ALEXANDER BAHUS,   *
CHASTITY BROWN,
MICHAEL T. CANTRELL,   *
RACHEL KIEFER,
PHH MORTGAGE COMPANY,   *
SAFEGUARD PROPERTIES CONTRACTED,
BIERMAN, WARD and WOOD, LLC,   *
  Formerly known as Bierman Geesing and
  Ward, LLC.,   *
HOWARD BIERMAN,
JACOB GEESING,   *
CARRIE WARD,
HSBC MORTGAGE CORP. (USA),   *
HSBC BANK USA, N.A.,
DOLORES LAURIA, VP HSBC BANK USA,   *
  N.A.,
JERRY PAULA RUSSELL, NJ Notary Public,   *
DEUTSCHE BANK TRUST CORP. –
  AMERICAS,   *
SERVICELINK HOLDINGS, LLC.,
MONTGOMERY VILLAGE FOUNDATION,   *
REMAX REALTY GROUP,
ALAN PRIGAL,   *
JOHN DOES (1-10),
     *
Defendants
          ***

# **OPINION AND ORDER**

In a 31-page Complaint, Maryland resident Debra Bonilla-Mead seeks money damages

for the alleged "wrongful foreclosure, assault, home invasion, unlawful business practices, and

intentionally inflicted emotional damages" caused by "debt collector defendants and their unknown agents." Compl., ECF No. 1, p. 5.[1]  Although Bonilla-Mead does not elaborate on her primary claim, she appears to bring suit under the qui tam provisions of the False Claims Act, 31 U.S.C. § 3729 *et seq*.  Plaintiff also avers that this Court retains both diversity[2] and federal question jurisdiction based on alleged violations of the Fourteenth Amendment to the United States Constitution, federal banking laws, the Financial Institutional Regulation, Reform, and Enforcement Act of 1989 ("FIRREA"),[3] the Fair Debt Collection Practices Act of 2012 ("FDCPA"),[4] the Real Estate Settlement Procedures Act ("RESPA"),[5] and the Truth in Lending Act ("TILA").[6]  Plaintiff also contends she is entitled to damages under the Racketeer Influenced and Corrupt Organizations Act ("RICO") statute.

---

[1] On August 10, 2010, the secured party, Jacob Geesing, represented by Maryland law firm Bierman, Geesing, Ward & Wood, LLC., filed a foreclosure action against Bonilla-Mead in the Circuit Court for Montgomery County, Maryland.  *See Geesing v. Mead,* Case No. 336542V (Cir. Ct. Mont. Co.), http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?.  A foreclosure sale was granted on November 18, 2010, subject to the borrower's right to seek a stay and dismiss the action in accordance with Maryland Rule 14-211.  *Id.,* Docket No.12.  The matter was dismissed without prejudice on December 16, 2011.  Docket No.19. The Court cannot ascertain from the docket whether Bonilla-Mead retains any possessory interest in the property.

[2] Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).  From the Complaint, it appears that Bonilla-Mead and a number of the Defendants are citizens of Maryland; thus, complete diversity is lacking.

[3] The Act was intended to regulate various banking practices in the wake of the savings and loan crisis of the 1980s.  Real estate reform provisions are found at 12 U.S.C. §§ 3331-3351.

[4] *See* 15 U.S.C. § 1692 *et seq.*

[5] RESPA is codified at 12 U.S.C. §§ 2601-2617.

[6] TILA is codified at 15 U.S.C. § 1601 *et seq.*

Bonilla-Mead has paid the filing fee. Nonetheless, this Court retains broad, inherent power to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith. *See Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d 362, 363-64 (2d Cir. 2000); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988).

A complaint must include sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The facts as pleaded must raise a right to relief above the speculative level and amount to "more than labels and conclusions." *Id.* at 555. Indeed, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561. Rule 8(d)(1) of the Federal Rules of Civil Procedure further provides that complaint allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

For the following reasons, the qui tam and RICO claims are dismissed as patently insufficient, while other claims cannot proceed without amendment. The Court addresses each in turn.

1. **Qui Tam Action**

An qui tam action may be brought by a private citizen (popularly called a "whistle-blower") against a person or company that had procured monies from the United States or payments in the performance of a government contract by fraud or false statements. Typically, such an action begins under seal pursuant to the the False Claims Act, a statutory scheme which permits a whistle-blower who brings the claim on the government's behalf to recover a portion

of the funds ultimately adjudged to have been procured by fraud. *See* 31 U.S.C. §3730(b), (d)(1)-(2). The government may elect or decline to prosecute the claim on behalf of the United States. If the government declines to intervene, the plaintiff, as relator, may nonetheless pursue the action, but can only do so with the benefit of counsel. The counsel requirement is grounded in "the same policy that forbids litigants, whether they are corporations or other organizations, or individuals, such as member of a class or shareholders, to be represented by nonlawyers . . . ." *U.S. ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004), *abrogated by U.S. ex rel. Eisenstein v. City of N.Y., N.Y.*, 556 U.S. 928 (2009) (citations omitted).

The Complaint does not remotely state a proper qui tam action. The Complaint asserts that Defendants' alleged misconduct led to foreclosure of Bonilla-Mead's property, which she had purchased in 2006. ECF No. 1, p. 17. Nowhere does the Complaint set out any fraud that any Defendant committed against the federal government. What is more, Plaintiff has mailed Defendants a copy of her Complaint, rendering useless the qui tam provision designed to keep under seal the False Claims action pending against Defendants. *See* 31 U.S.C. § 3730(b)(2). Because of these fundamental defects, the Court cannot discern a path for the Plaintiff to pursue a qui tam claim. This claim is dismissed prior to service on the United States Attorney General, and the case shall be unsealed.

    **2.**    **RICO Claim**

A civil cause of action under 18 U.S.C. §1964(c) or "RICO" requires that plaintiff plausibly aver: "(1) conduct [causing injury to business or property], (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." *Sedima S.P.R.L. v. Imrex Company, Inc.,* 473 U.S. 479, 496 (1995). "The object of civil RICO is thus not merely to compensate victims but to turn them into prosecutors, 'private attorneys general,' dedicated to eliminating racketeering

activity." *Rotella v. Wood,* 528 U.S. 549, 557 (2000), quoting *Klehr v. A.O. Smith Corp.*, 521 U.S. 179,187 (1984). Racketeering activity is defined as the commission any offense enumerated at 18 U.S.C. § 1961(1), which includes any act or threat involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, dealing in a controlled substance, and counterfeiting. The Court cannot discern from the Complaint any acts of racketeering allegedly committed by Defendants. Nor does the Complaint plead facts from which this Court can identify a RICO violation. Incantations of the RICO statute or generalized statements about RICO actions are not sufficient. The claim, therefore, is dismissed.

### 3. Remaining Claims

The Court has thoroughly examined the Complaint, which is confusing and, at times, incomprehensible. Peppered throughout are references to violations of the Fourteenth Amendment, FIRREA, FDCPA, RESPA, and TILA. In this respect, the Complaint falls woefully short of the pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) requires that a Complaint include a "short and plain statement" of the facts supporting each cause of action, the role that each Defendant played in such violations, and the claimed damages the Plaintiff suffered as a result. The current Complaint is replete with pronouncements of law and references to cases which appear wholly unrelated to this suit. The Court, affording the Complaint a generous reading, is hard-pressed to ascertain even the basic contours of Plaintiff's claims. The Complaint has not put Defendants on fair notice of that which they are to defend. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).

The Court will grant Bonilla-Mead one opportunity to amend her Complaint. The Amended Complaint must comply with Rule 8(a) and include a short plain statement as to her claims against each Defendant, how each Defendant caused her harm, the nature of the harm, and

5

the approximate date(s) on which each Defendant committed the claimed violations. Plaintiff must also address whether she and any of the Defendants have engaged in prior litigation related to the real property described in the Complaint. In light of this Court's ruling, Plaintiff's motion for temporary restraining order (ECF No. 2), is denied as moot.

Accordingly, it is this 24th day of October 2018, by the United States District Court for the District of Maryland, hereby ordered that:

1. Plaintiff's qui tam claim is dismissed ;

2. Plaintiff's RICO claim is dismissed;

3. The Clerk shall unseal the case, the Complaint and all pleadings;

4. Within 21 days, Plaintiff shall file an Amended Complaint consistent with this opinion. Plaintiff is cautioned that failure to comply will result in dismissal of this lawsuit without prejudice and without further notice;

5. The Motion for Temporary Restraining Order (ECF No. 2) is denied as moot; and

6. The Clerk shall provide a copy of this Order to Plaintiff.

/S/
Paula Xinis
United States District Judge